1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARCELLA[1] URBANO and
     EMMANUEL URBANO,

11
                   Plaintiffs,                    No. CIV S-11-2088 GEB DAD PS
12
             vs.
13
     COUNTRYWIDE BANK, N.A., et al.,
14
                   Defendants.                    ORDER TO SHOW CAUSE
15   _____/

16            Plaintiffs in this matter are proceeding pro se with a civil action arising from

17   mortgage foreclosure proceedings.  Plaintiffs commenced the action in the Sacramento County

18   Superior Court on June 7, 2011, by filing a 29-page complaint with four exhibits attached

19   thereto.  (Def'ts' Notice of Removal (Doc. No. 1), Ex. 1.)  In their complaint plaintiffs allege

20   eight causes of action, two of which arise under federal statutes, and seek monetary damages,

21   statutory damages, punitive damages, injunctive relief, and declaratory relief.  (Id.)  Defendants

22   removed the case from state court on August 5, 2011.  The matter has been referred to the

23   undersigned for all purposes encompassed by Local Rule 302(c)(21).

24

25            [1]  The court's docket reflects the plaintiffs' names as shown on defendants' Notice of
     Removal (Doc. No. 1).  However, attachments to the Notice reflect that the correct spelling of the
26   first plaintiff's first name is "Marcela."

                                                 1

On August 11, 2011, defendants filed a motion to dismiss plaintiffs' complaint without leave to amend and with prejudice (Doc. No. 11).  The unopposed motion was heard on September 30, 2011, pursuant to defendant's Notice of Motion filed August 16, 2011.  (Doc. No. 16.)  Despite having had ample time to file written opposition or a statement of non-opposition to the motion, plaintiffs did not respond to the properly noticed motion in any manner and did not appear at the hearing of the motion.  The court's records reflect that plaintiffs have not filed any document since the case was removed to federal court and have not demonstrated in any way that they intend to prosecute this action on its merits.

Pursuant to the Local Rules of Practice for the United States District Court for the Eastern District of California, opposition, if any, to the granting of a motion "shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date."  Local Rule 230(c).  "No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."  Id. Failure to appear at the hearing of a properly noticed motion may be deemed withdrawal of any written opposition that was timely filed, in the discretion of the court, or may result in the imposition of sanctions.  Local Rule 230(i).  Failure of a party to comply with the Local Rules or any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Local Rule 110.  Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law.  Local Rule 183(a).  Failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules.  Id.

Plaintiffs have failed to comply with Local Rule 230 and have taken no steps to prosecute this action since August 5, 2011.  In light of plaintiffs' pro se status and in the interests of justice, the court will provide plaintiffs with an opportunity to show good cause for their conduct along with a final opportunity to respond to defendants' pending motion.

IT IS HEREBY ORDERED that:

1. Plaintiffs shall show good cause in writing, no later than October 27, 2011, for failing to respond to defendants' motion and shall show why sanctions should not be imposed on them for failing to file timely opposition or non-opposition to the motion and for failing to appear at the properly noticed hearing of the motion;

2. Any response to this order must be filed with the court and served on defendants' attorney of record; the response must be accompanied by opposition or a statement of non-opposition to defendants' motion; if plaintiffs file opposition to the motion, they must address all arguments presented in the motion;

3. If plaintiffs file opposition to defendants' motion on or before October 27, 2011, defendants' reply, if any, shall be filed and served no later than November 10, 2011; and

4. Plaintiffs are cautioned that failure to file and serve a written response to this order, along with opposition or a statement of non-opposition to defendants' motion, will be deemed a statement of non-opposition to the granting of defendants' motion to dismiss this action with prejudice and will also constitute grounds for imposing appropriate sanctions, including dismissal of this action with prejudice for failure to comply with court orders and applicable rules and for lack of prosecution. See Fed. R. Civ. P. 41(b).

DATED: October 5, 2011.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.pro se\urbano2088.osc