IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCELLA[1] URBANO and
EMMANUEL URBANO,

    Plaintiffs,                    No. CIV S-11-2088 GEB DAD PS

  vs.

COUNTRYWIDE BANK, N.A., et al.,     FINDINGS AND RECOMMENDATIONS

    Defendants.

_____/

        Pursuant to the court's order to show cause filed on October 6, 2011 (Doc. No. 20), plaintiffs were required to show cause in writing no later than October 27, 2011, for failing to respond to defendants' motion to dismiss and to show why sanctions should not be imposed for their failure to file timely opposition or a statement of non-opposition to the defendants' motion and for failing to attend the properly noticed hearing on the motion.

        Plaintiffs, who are proceeding pro se, were cautioned that their failure to file and serve written responses to the order to show cause, along with their opposition or statement of non-opposition to the defendants' motion to dismiss, would be deemed a statement of non-

---

[1] The court's docket reflects the plaintiffs' names as shown on defendants' Notice of Removal (Doc. No. 1). However, attachments to the Notice reflect that the correct spelling of the first plaintiff's first name is "Marcela."

1

1  opposition to the granting of defendants' motion.  Plaintiffs were further cautioned that failure to
2  respond to the order to show cause would constitute grounds for imposing appropriate sanctions,
3  including dismissal of this action with prejudice for failure to comply with court orders and
4  applicable rules, and for lack of prosecution.  Nonetheless, plaintiffs have not responded to the
5  court's order to show cause in any way.

PROCEDURAL HISTORY

7    Plaintiffs commenced the action in the Sacramento County Superior Court on
8  June 7, 2011, by filing a 29-page complaint with four exhibits attached thereto.  (Def'ts' Notice
9  of Removal (Doc. No. 1), Ex. 1.)  In that complaint plaintiffs allege eight causes of action, two of
10 which arise under federal statutes, and seek monetary, statutory and punitive damages as well as
11 injunctive and declaratory relief.  (Id.)  Defendants properly removed the case from state court on
12 August 5, 2011.  The matter has been referred to the undersigned for all purposes encompassed
13 by Local Rule 302(c)(21).

14   On August 11, 2011, defendants filed a motion to dismiss plaintiffs' complaint
15 without leave to amend and with prejudice.  (Doc. No. 11).  The unopposed motion was heard on
16 September 30, 2011, pursuant to defendant's Notice of Motion filed August 16, 2011.  (Doc. No.
17 16.)  Despite having had ample time to file written opposition or a statement of non-opposition to
18 the motion, plaintiffs did not respond to the properly noticed motion in any manner and did not
19 appear at the hearing of the motion.  The court's records reflect that plaintiffs have not filed any
20 document since the case was removed to federal court and have not demonstrated in any way that
21 they intend to prosecute this action.

ANALYSIS

23   The factors to be weighed in determining whether to dismiss a case for lack of
24 prosecution are as follows:  (1) the public interest in expeditious resolution of litigation; (2) the
25 court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy
26 favoring disposition on the merits; and (5) the availability of less drastic sanctions.  Hernandez v.

City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988). Dismissal is a harsh penalty that should be imposed only in extreme circumstances. Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

Under the Local Rules of Practice for the United States District Court for the Eastern District of California, opposition, if any, to the granting of a motion "shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date." Local Rule 230(c). "No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." Id. Failure to appear at the hearing of a properly noticed motion may, in the discretion of the court, be deemed withdrawal of any written opposition that was timely filed, or may result in sanctions. Local Rule 230(i).

Failure of a party to comply with the Local Rules or any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. Id.

Here, plaintiffs have failed to file timely responses to defendants' motions to dismiss and failed to appear at the hearing of the properly noticed motion, in violation of multiple provisions of Local Rule 230. The court issued an order to show cause that provided plaintiffs with yet another opportunity to file opposition or a statement of non-opposition to defendants' motion, but plaintiffs failed to respond in any way. The order to show cause warned plaintiffs that failure to file a written response to the order to show cause together with opposition or a statement of non-opposition to the motion would be deemed a statement of non-

opposition to the granting of the motion. In light of that warning, plaintiffs' failure to respond should be deemed a statement of non-opposition to the granting of the motion to dismiss filed by defendants and their motion should be granted.

Plaintiffs' lack of prosecution of this case renders the imposition of monetary sanctions futile, and the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendants all support the sanction of dismissal. Only the public policy favoring disposition on the merits counsels against dismissal. However, plaintiffs' failure to prosecute the action in any way makes disposition on the merits an impossibility as to any defendant. The undersigned will therefore recommend that this action be dismissed with prejudice as to all defendants due to plaintiffs' failure to prosecute as well as their failure to comply with the court's orders. See Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' August 11, 2011 motion to dismiss (Doc. No. 11) be deemed unopposed and, so deemed, be granted;

2. Plaintiffs' claims against all defendants be dismissed with prejudice due to lack of prosecution, as evidenced by plaintiffs' failure to file opposition or a statement of non-opposition to the motion to dismiss filed on behalf of defendants, failure to appear at the hearing of the motion to dismiss, and failure to prosecute the action in any manner since August 5, 2011; and

3. This case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed within seven (7) days after service of the objections. The parties are advised that

failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 28, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\urbano2088.dlop.f&rs